UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LISA WAITE, | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| PREMIER RECOVERY GROUP INC.; GREEN SQUARE COMPANY LLC; JOEY YOUNGER; and DOE 1-5 | ) |
|     Defendants. | ) |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

**PARTIES**

1

3. Plaintiff LISA WAITE (hereinafter "Ms. Waite" or "Plaintiff") is a natural person residing in Stockport, Ohio. Defendant, PREMIER RECOVERY GROUP INC. is a New York corporation believed to maintain its principle place of business at 191 North Street in Buffalo, NY. GREEN SQUARE COMPANY LLC is a New York limited liability company believed to maintain its principle place of business at 191 North Street in Buffalo, NY. JOEY YOUNGER is believed to be the chief executive officer of PREMIER RECOVERY GROUP INC., the sole managing member of GREEN SQUARE COMPANY LLC, a debt collector, and responsible for the policies and procedures of the companies, including those giving rise to Plaintiff's causes of action herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. PREMIER RECOVERY GROUP INC., GREEN SQUARE COMPANY LLC, JOEY YOUNGER, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Mrs. Waite.

2

8. On January 14, 2019, in their first communication with Plaintiff, Defendants called Mrs. Waite' cell phone number and left a message, the content of which is as follows:

> "This is a documented attempt to make contact with Lisa Waite. My name is Michelle Stevens. I'm calling in reference to a complaint that has been filed against you - against your name as well as you social at this point of the investigation. You may be required to have to appear in Morgan Town. We do need to speak with either yourself or your attorney today. My direct number is (716)247-5114. Good day Ms. Waite."

9. On information and belief, Plaintiff alleges that Defendants left similar messages on Mrs. Waite voicemail between January 14, and January 26, 2019.

10. Harassed and concerned with Defendants' messages, Mrs. Waite retained counsel with Centennial Law Offices.

11. On January 14, 2019, staff from Centennial Law Offices called (716)247-5114 and reached Premier Recovery Group, Inc.

12. On January 16, 2019, staff from Centennial Law Offices called (716)247-5114 and spoke with an individual who confirmed that Premier Recovery Group, Inc. and Green Square Company LLC "are the same company." The individual further confirmed that Defendants were attempting to collect a consumer debt from Mrs. Waite and that no litigation was pending against Mrs. Waite in connection with the alleged debt.

13. Mrs. Waite's counsel checked with county, state, and federal courts for litigation against Mrs. Waite. Counsel found no litigation against Mrs. Waite in connection with the alleged debt.

14. On February 20, 2019, staff from Centennial Law Offices called (716)247-5114 and spoke with an individual who provided Mr. Joey Young's contact information.

15. On information and belief, Plaintiff alleges that Defendant Joey Young personally directed an employee or agent to call Plaintiff on January 14, 2019 and leave the aforementioned voicemail with the use of a script he wrote and/or authorized.

16. Defendants failed to provide Mrs. Waite with the debt validation information required pursuant to 15 U.S.C. 1692g(a).

17. As a direct result of the collection activity herein alleged, legal fees in the amount of $2,355.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

18. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communications with Plaintiff, specifically that the communications were from Premier Recovery Group, Inc./Green Square Company LLC, a debt collector, and being made in an attempt to collect a debt.

### COUNT II

19. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)11 by failing to disclose in their communications with Plaintiff that the communications were from a debt collector and being made in an attempt to collect a debt.

### COUNT III

20. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly subsections 1692e(2), 1692e(5), and 1692e(10) by misrepresenting: 1.) That a "complaint has been filed against" Plaintiff; and 2.) that Plaintiff "may be required to appear in Morgan Town."

### COUNT IV

21. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692g(a) with regards to Plaintiff as follows: Defendants continued in their collection efforts after failing to send Plaintiff debt validation information within 5-days of their initial communication with Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,355.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: January 8, 2020                          s/ Robert L. Caplan
                                               _____
                                               Robert L. Caplan, Bar #0062794
                                               Attorney for Plaintiff LISA WAITE
                                               Of Counsel for Centennial Law Offices
                                               90 North Nelson Road
                                               Columbus, OH 43219
                                               614-252-2026
                                               Fax: 614-252-5593
                                               Robert@Caplanlawoffice.com