## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LISA WAITE**

                Plaintiff,

    **v.**

**PREMIER RECOVERY GROUP INC.,**
**et al.**

                Defendants.

**Case No. 2:20-cv-136**

**Judge Graham**

**Magistrate Judge Vascura**

### OPINION AND ORDER

This matter is before the Court on Plaintiff Lisa Waite's Motion and Memorandum in Support of Default Judgment and Attorney's Fees. (ECF No. 13.)  For the reasons that follow, Plaintiff's motion is **GRANTED**.

Plaintiff's complaint alleges that Defendants Premier Recovery Group Inc. ("Premier Recovery Group"), Green Square Company LLC ("Green Square Company"), and Joey Younger (collectively, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. by calling her cell phone in January 2019 and leaving voicemail messages stating "a complaint [] has been filed against you – against your name as well as you [sic] social at this point of the investigation." The caller claimed Plaintiff may "have to appear in Morgan Town" and provided a phone number where she could be reached.

On January 14, 2019, Plaintiff's counsel's staff called the number provided and reached Defendant Premier Recovery Group.  On January 16, 2019, Plaintiff's counsel's staff called the same number and confirmed that Defendant Premier Recovery Group and Defendant Green Square Company are the same company.  The individual further confirmed that Defendants were attempting to collect a consumer debt from Plaintiff and that there was no pending litigation in

1

connection with the alleged debt.  Plaintiff's counsel checked with county, state, and federal courts for any pending litigation against Plaintiff and could not locate any litigation associated with the alleged debt.

On February 20, 2019, Plaintiff's counsel's staff called the voicemail number once more and spoke with an individual who provided Defendant Joey Younger's contact information. Plaintiff alleges that Mr. Younger is the chief executive officer of Premier Recovery Group, sole managing member of Green Square Company, and directed either an employee or agent to call Plaintiff and leave the January voicemail message using a script that he wrote and/or authorized.

Defendants were served with Plaintiff's complaint on March 2, 2020 and April 6, 2020, respectively, and have failed to plead or otherwise defend in this action.  The Clerk made entries of default on March 3, 2020 and April 28, 2020.  *See* Fed. R. Civ. P. 55(a).  On May 22, 2020, Defendants were also served with the instant motion for default judgment by regular mail.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts Plaintiff's well-pled allegations as to Defendants' liability as true.  *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995).  The Court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)."  *United States v. Allen,* No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

To prevail on her FDCPA claim, Plaintiff must establish that: (1) she is a "consumer," (2) the "debt" arose out of a transaction which was "primarily for personal, family or household purposes," (3) the defendant is a "debt collector" and (4) defendant violated one of the prohibitions

set forth in § 1692e.  *Bauman v. Bank of Am., N.A.,* 808 F.3d 1097, 1100 (6th Cir. 2015); 15 U.S.C § 1692a.

The complaint adequately alleges the first three elements of a claim.  With respect to the fourth, the complaint alleges that Defendants violated the FDCPA in several regards.  Plaintiff asserts that Defendants did not disclose their true identity and purpose, specifically that the communications were from Premier Recovery Group/Green Square Company, a debt collector, and being made in an attempt to collect a debt.  Plaintiff further alleges that Defendants misrepresented that "a complaint has been filed against" Plaintiff, and that Plaintiff "may be required to appear in Morgan Town."  Finally, Plaintiff alleges that Defendants failed to provide Plaintiff with debt validation information within five days of the initial communication.

The Court finds that these allegations are well-pled and state a sufficient basis for violations under the FDCPA.  *See* 15 U.S.C. § 1692d(6) (a debt collector may not place telephone calls "without meaningful disclosure of the caller's identity"); § 1692e(10) (debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt"); § 1692e(11) (debt collector may not fail to disclose in the initial communication that "the debt collector is attempting to collect a debt"); § 1692g(a) (debt collector must send a notice validating the debt within five days of the initial communication).

Turning to damages, Plaintiff seeks an award of statutory damages in the amount of $1,000.  The Court finds that she is entitled to this amount under 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff is also entitled to costs and reasonable attorney's fees under § 1692k(a)(3).  Plaintiff has incurred costs in the amount of $548.00 for filing fees and a process server.  (ECF No. 13-5 at 507.)  Regarding attorney's fees, Plaintiff has submitted the declaration of counsel, along with an itemized billing statement.  (Exs. E and F, ECF Nos. 13-5 and 13-6.)  Upon review

of these materials, the Court finds that counsel's hourly rate of $300.00 and the time expended on this case (26.66 hours) are reasonable, particularly in light of counsel's utilization of paralegal staff support and associated low rate of $75.00 for their services.

Accordingly, Plaintiff's Motion for Default Judgment and Attorney's Fees (ECF No. 13) is **GRANTED**, and Plaintiff is awarded $1,000 in statutory damages, $548.00 in costs, and $5,978.75 in attorney's fees.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 26, 2020